**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GEORGE AREF NADER,<br><br>                    Defendant. | Case No. 1:19-CR-201-LMB |

### GEORGE NADER'S OPPOSITION TO MEDIA COALITION'S MOTION TO INTERVENE AND FOR ACCESS TO CERTAIN SEARCH WARRANT MATERIALS

On August 9, 2019, non-parties Cable News Network, Inc. ("CNN"); The Associated Press ("AP"); The New York Times Company ("The Times"); and WP Co., LLC, d/b/a/ The Washington Post (the "Post") (collectively, the "Media Coalition") moved to unseal a search warrant, affidavit, and related materials in case No. 1:18-sw-30 (the "Warrant Materials"). ECF No. 91 ("Mot."). The Media Coalition further requests that, absent an order granting the Media Coalition's pending request, the Court enter an order setting a date to unseal automatically any materials that the Court declines to unseal at this time. Unsealing the Warrant Materials at this time—or any time prior to the resolution of this case—would pose a significant risk of prejudice to Defendant George A. Nader and impinge upon his Sixth Amendment right to a fair trial. For these reasons, and as set forth in the Government's Opposition to the Media Coalition's Motion (filing August 30, 2019), the Media Coalition's Motion should be denied.

I.  ARGUMENT

    A.  **The Media Coalition Has No Common Law Right to Intervene and Access to the Warrant Materials**

While the Media Coalition does have a right to *request* unsealing, they do not have an unfettered right to *access* the Warrant Materials. *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (holding that right to access "is not absolute"). The Court has "supervisory powers over its own records and, in its discretion, may seal documents if the public's right of access is outweighed by competing interests." *Id.*; *see also Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989) ("[U]nder the common law the decision to grant or deny access is 'left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'"). The Fourth Circuit has recognized that certain countervailing factors weigh against the presumption of access. *In re Knight Publ'g Co.*, 743 F.2d at 235. These factors include "whether the records are sought for an improper purpose, such as promoting public scandals," and "whether release would enhance the public's understanding of an important historical event." *Id.* Both of these factors weigh in favor of maintaining the status quo here, and denying the Media Coalition's request for immediate access, particularly because the Warrant Materials are speculative documents regarding *potential* evidence of a crime that is unrelated to the alleged crimes at issue here.

*First,* the Media Coalition's interest in the Warrant Materials lies in "its genesis in the Special Counsel's probe" into Russian interference in the 2016 election. Mot. at 2. The Special Counsel's investigation is an issue of national importance, but obtaining the Warrant Materials through the medium of intervention in a criminal trial is improper because of the potential for promoting a public scandal surrounding Mr. Nader's involvement with the Special Counsel. *Id.* at 236 (affirming the district court's finding that "the excised material is impertinent and

scandalous to one or more persons mentioned in the documents"). The Media Coalition should seek this content from the Department of Justice and, if denied, request relief in the United States District Court for the District of Columbia.

*Second*, the Warrant Materials and the contents of Mr. Nader's devices, as they relate to the alleged misconduct, do not relate to "an important historical event." *Id.* at 235. As an initial matter, the Warrant Materials only pertain to unproven allegations of misconduct—they are not reflective of actual events. The search and seizure of Mr. Nader's phone also cannot be classified as "an important historical event" in the context of a broad investigation in which the Special Counsel's Office "issued more than 2,800 subpoenas . . . [and] executed nearly 500 search-and-seizure warrants." Office of Special Counsel Robert S. Mueller III, Report on the Investigation into Russian Interference in the 2016 Presidential Election, Vol. I, p. 13 (March 2019), available at https://www.justice.gov/storage/report.pdf. Moreover, the pending charges against Mr. Nader are "unrelated" to the high profile Special Counsel Investigation (Mot. at 2) for all the reasons stated in the publicly available Complaint and Indictment, and the Warrant Materials as they relate to this matter have no bearing on the process or outcome of that probe. These factors, combined with the Sixth Amendment concerns discussed below, outweigh the Media Coalition's qualified right to access the Warrant Materials.

      **B.**      **Unsealing the Warrant Materials Would Be Unduly Prejudicial to Mr. Nader's Sixth Amendment Right to a Fair Trial**

The Warrant Materials describe details regarding unrelated criminal allegations and information obtained from Mr. Nader's personal devices, including sensitive data regarding Mr. Nader and other individuals unrelated to either case implicated by this motion. Granting access to the Warrant Materials would impinge upon the privacy of those individuals and Mr. Nader, resulting in undue prejudice to him. *See In re Knight Publ'g Co.*, 743 F.2d at 236 ("There is no

3

question about the propriety of excising . . . material that would prejudice defendants in pending criminal cases."). What's more, the Warrant Materials contain unproven allegations of Mr. Nader's involvement with an alleged crime that has no bearing on the facts underlying the present action. The Court has recognized its obligation to safeguard against any "outside control and influence" on the administration of justice. *See Cox v. Louisiana*, 379 U.S. 559, 562 (1965). Unsealing the Warrant Materials would lead to an unfair imbalance in the discussion about Mr. Nader and his pending criminal case and would taint the pool of available jurors in the Eastern District of Virginia. With unfettered access to the Warrant Materials, the Media Coalition would be entitled to comment on the information contained therein, and speculate on Defendant's culpability in the present case and in the Special Counsel Investigation. By their very nature, the Warrant Materials are speculative, and the Media Coalition's limited interest in their contents is outweighed by Mr. Nader's constitutional interest in a fair jury trial, as well as the privacy interests of Mr. Nader and other witnesses and non-witnesses whose data were seized by search warrant.

      For the same reasons, any "sunlight date" of these sealed documents should be determined after the appellate process. The Media Coalition recognizes Mr. Nader and the Government's interest in maintaining the status quo, but argues that properly sealed information "must be released when the factors militating in favor of closure no longer exist." Mot. at 8 (citing *Phoenix Newspapers, Inc. v. U.S. Dist. Court*, 156 F.3d 940, 947 (9th Cir. 1998)). The high risk of tainting the jury pool here—which cannot be undone or reversed—militates in favor of closure. Should the Court agree that releasing the Warrant Materials presents a serious risk of tainting the jury pool and prejudicing Mr. Nader, unsealing the Warrant Materials after judgment is final in this case (either by this Court's entry of judgment or through resolution of the appellate process) is appropriate.

## II. CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Government's Opposition, Mr. Nader requests that the Warrant Materials remain sealed at this time to avoid the risk of undue prejudice.

Dated: August 30, 2019

Respectfully submitted,

LATHAM & WATKINS LLP

s/ Timothy H. McCarten
Timothy H. McCarten (#77044)
Clayton D. LaForge (#84075)
Savannah K. Burgoyne (#90596)
Zachary D. Williams (*pro hac vice*)

555 Eleventh St., NW
Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Timothy.McCarten@lw.com
Clayton.LaForge@lw.com
Savannah.Burgoyne@lw.com
Zachary.Williams@lw.com

LATHAM & WATKINS LLP
Christopher J. Clark (*pro hac vice*)
885 Third Avenue
New York, NY 10022
Tel: (212) 906-2927
Fax: (212) 751-4864
chris.clark@lw.com

KaiserDillon PLLC
Jonathan S. Jeffress (#42884)
Emily Anne Voshell (#92997)
1099 14th Street, NW
8th Fl. West
Washington, DC 20005
Tel: (202) 640-4430
Fax: (202) 280-1034

jjeffress@kaiserdillon.com
evoshell@kaiserdillon.com

*Attorneys for Defendant*
*George Aref Nader*