IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED IN OPEN COURT
JAN 13 2020
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

-------------------------------------------------------x

UNITED STATES OF AMERICA

-v-    No. 1:19-CR-201-LMB

GEORGE AREF NADER,

Defendant.

-------------------------------------------------------x

## PLEA AGREEMENT

G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia; Jay V. Prabhu, Assistant United States Attorney; the defendant, George Aref Nader; and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

**1.     Offense and Maximum Penalties**

The defendant agrees to plead guilty to a two-count Criminal Information charging the defendant with possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4) and (b)(2), and transportation of a minor to engage in criminal sexual activity, in violation of Title 18, United States Code, Section 2423(a). The maximum penalties for possession of child pornography (under 2011 U.S. code) are: a mandatory minimum term of imprisonment of 10 years and a maximum term of imprisonment of 20 years; a fine of $250,000; full restitution; forfeiture of assets as outlined below; a special assessment of $100 pursuant to Title 18, United States Code, Section 3013; and a mandatory minimum term of supervised release of 5 years and a maximum term of supervised release of life. The maximum penalties for

transportation of a minor (under the 1998 U.S. Code) are a maximum sentence of 15 years (which is increased to a maximum of 30 years for a repeat sexual offender pursuant to Title 18, United States Code, Section 2426); a fine of $250,000; full restitution; forfeiture of assets as outlined below; a special assessment of $100 pursuant to Title 18, United States Code, Section 3013; and a mandatory minimum term of supervised release of 5 years and a maximum term of supervised release of life. The defendant understands that any supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

**2.     Detention Pending Sentencing**

The defendant understands that this case is governed by 18 U.S.C. §§ 3143(a)(2) and 3145(c). These provisions provide that a judicial officer shall order that a person who has been found guilty of an offense of this kind be detained unless there are statutory justifications why such person's detention would not be appropriate.

**3.     Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the Statement of Facts filed with this Plea Agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this Plea Agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

**4.     Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, the defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal

defendants include the following:

    a.    the right to plead not guilty and to persist in that plea;

    b.    the right to a jury trial;

    c.    the right to be represented by counsel—and if necessary have the Court appoint counsel—at trial and at every other stage of the proceedings; and

    d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

**5.    Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant will recommend to the Court that the following provisions of the relevant Sentencing Guidelines apply:

With respect to a conviction under 18 U.S.C. 2252(a)(4) and the 2011 Sentencing Guidelines-

- Pursuant to § 2G2.2(a)(1), the defendant's base offense level is 18;

- Pursuant to § 2G2.2(b)(2), the defendant receives a two-level enhancement because his offense involved material involving a prepubescent minor or a minor who had not attained the age of 12 years;

- Pursuant to § 2G2.2(b)(4), the defendant receives a four-level enhancement because his offense involved material that portrays sadistic or masochistic conduct or other depictions of violence or sexual abuse or exploitation of an infant or toddler;

- Pursuant to § 2G2.2(b)(6), the defendant receives a two-level enhancement because his offense involved the use of a computer;

- Pursuant to § 2G2.2(b)(7), the defendant receives <u>at least</u> a two-level enhancement because his offense involved at least one video (at least 75 images).

With respect to a conviction under 18 U.S.C. 2423(a) and the 1998 Sentencing Guidelines-

- Pursuant to § 2G1.1(a), the defendant's base offense level is 14;

- Pursuant to § 2G1.1(b)(2)(B), the defendant receives a seven-level enhancement because his offense involved a victim who had attained the age of 12 years, but not attained the age of 16 years; and

- Pursuant to § 2G1.1(b)(3), because subsection (b)(2) applies, the defendant receives a two-level enhancement because the victim was otherwise in the custody, care, or supervisory control of the defendant.

The United States and the defendant have agreed to jointly recommend a sentence of ten (10) years of imprisonment for charges contained in the two-count Criminal Information and the additional relevant conduct described in the Statement of Facts. The terms of imprisonment for the two counts are further recommended by the parties to run concurrently.

The United States and the defendant have agreed to recommend to the Court that the Court's sentence should include the opportunity for the defendant to voluntarily leave the United States at the conclusion of any term of imprisonment. If the defendant returns to the United States at any point, he will be required to register pursuant to the Sex Offender Registration and Notification Act (as indicated in Part 15 herein) and will have to report to the Probation Office of the Eastern District of Virginia within 72 hours of returning to the country.

The defendant furthermore agrees to waive any argument challenging venue for the charges contained in the Criminal Information and the associated Statement of Facts and explicitly agrees to resolve those charges in the Eastern District of Virginia, Alexandria Division. This waiver by the defendant is knowing and voluntary.

The defendant acknowledges that, while the United States agrees to make the above recommendations to the Court at sentencing, those recommendations are not binding on the Court.

The United States and the defendant have not agreed on any further sentencing issues, whether related to the Sentencing Guidelines or otherwise, other than those listed above or elsewhere in this plea agreement. Any stipulation on a Guideline provision does not limit the parties' arguments as to 18 U.S.C. § 3553(a).

The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the

government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

### 6. Waiver of Appeal, FOIA, and Privacy Act Rights

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than a claim that a conviction on a particular count is time barred due to the statute of limitations having expired or an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this Plea Agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, codified at 5 U.S.C. § 552, or the Privacy Act, codified at 5 U.S.C. § 552a.

The United States and the defendant have agreed that the defendant may challenge his possible violation of 18 U.S.C. § 2423(a) (Count 3 in the Indictment and Count 2 in the Criminal Information) on the basis of his claim that his admitted conduct may fall outside the period of the statute of limitations for a violation of Section 2423(a). The Court's determination on this issue shall not be grounds for either the United States or the defendant to withdraw from this plea agreement, and all provisions not specifically reflecting this Count shall remain in full force.

### 7. Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $100 per count of conviction pursuant to 18 U.S.C. § 3013.

### 8. Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### 9. Restitution

For violations of 18 U.S.C. § 2252, the defendant agrees that restitution is mandatory pursuant to 18 U.S.C. § 2259 (in effect in 2012) in the full amount of the victims' losses. The defendant agrees to the entry of a restitution order for the full amount of the victims' losses as those losses are defined by 18 U.S.C. § 2259(b)(3). Pursuant to 18 U.S.C. § 3663(a)(3), the defendant agrees that victims of the Section 2252-related conduct described in the charging instrument, statement of facts, or any related or similar conduct are victims within the meaning of

18 U.S.C. § 2259(c) and are entitled to restitution.

As to the conduct in violation of 18 U.S.C. § 2423, the defendant agrees to the entry of a restitution order in the full amount of the victim's losses pursuant to 18 U.S.C. § 3663(a)(3). The defendant further agrees that the United States may seek restitution and that the Court may order restitution in the full amount of the victim's losses pursuant to 18 U.S.C. § 3663(a)(1)(A). At this time, the defendant specifically acknowledges that J.B. of the Czech Republic is a victim who is entitled to restitution in an amount to be determined at or before sentencing in this matter. The defendant agrees that upon determination of the amount of the victim's losses, the defendant and the United States will enter into an agreement modifying the terms of this Agreement to incorporate that specific loss amount.

**10.    Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Criminal Information or Statement of Facts, except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the Criminal Information or described in the Statement of Facts as an offense. In such a prosecution, the United States may allege and prove conduct described in the Criminal Information or Statement of Facts. A "crime of violence" has the meaning set forth in 18 U.S.C. § 16.

The United States Attorney's Offices for the District of Columbia and the Eastern District of New York have reviewed this plea agreement and agree to be bound by its terms to resolve potential charges and conduct described in the Statement of Facts. The Criminal Division's Public Integrity Section is not bound by the terms of this plea agreement and this plea agreement does not resolve any potential charges or conduct under investigation by that Section.

## 11. Dismissal of Indictment

Upon execution of this agreement and the Court's acceptance of the defendant's guilty plea, the United States will move to dismiss the pending indictment against the defendant.

## 12. Forfeiture Agreement

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any child-pornography-related asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, or facilitating property or property involved in the offense, including but not limited to the following specific property:

- A) iPhone 7 with serial number F2LSD2XFHFY4;
- B) iPhone X (model MQAG2AE/A) with serial number DNPVK3U3JCL9;
- C) and the iPhone 6 Plus (model MGCU2LL/A) with serial number F2LNK2F7G5QL.

The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

## 13. Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges to

forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as property facilitating illegal conduct or property involved in illegal conduct giving rise to forfeiture.

### 14. The Defendant's Obligations Regarding Assets Subject to Forfeiture

Upon request by the government, the defendant agrees to identify all assets in which the defendant had any interest or over which the defendant exercises or exercised control, directly or indirectly, within the past year. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

### 15. Sex Offender Registration and Notification Act

The defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: where the defendant resides; is an employee; or is a student. The defendant understands that the requirements for registration include providing true name, residence address, and names and addresses of any places where the defendant is or will be an

employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of the defendant's name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**16.     Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this Plea Agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a.    The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c.  Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the Statement of Facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

17. **Nature of the Agreement and Modifications**

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this Plea Agreement, to cause the defendant to plead guilty. Any modification of this Plea Agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

G. Zachary Terwilliger
United States Attorney

By: _____
Jay V. Prabhu
Assistant United States Attorney

Defendant's Signature: I hereby agree that I have consulted with my attorneys and fully understand all rights with respect to the pending Criminal Information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 10/24/19

George Aref Nader
Defendant

Defense Counsel's Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Criminal Information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 10/24/19

Jonathan Jeffress
Counsel for the Defendant

13