IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

-----------------------------------------------------------x

UNITED STATES OF AMERICA

-v-

No. 1:19-CR-201-LMB

GEORGE AREF NADER,

REDACTED

Defendant.

-----------------------------------------------------------x

FILED
IN OPEN COURT

JAN 1 3 2020

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## STATEMENT OF FACTS

The United States and the defendant, GEORGE AREF NADER (hereinafter, NADER or "the defendant"), agree that, if this matter went to trial, the United States could establish the following facts, as well as the allegations in Counts One and Two of the Criminal Information, beyond a reasonable doubt:

1. NADER is a citizen of both the United States and Lebanon.

2. On February 27, 1991, NADER was indicted in the Eastern District of Virginia for violations related to smuggling child pornography, in violation of 18 U.S.C. § 2252(a)(1), by a federal grand jury. On May 6, 1991, NADER pled guilty to and was convicted of a single count of 18 U.S.C. § 2252(a)(1) (transportation of child pornography) in the Eastern District of Virginia. NADER stipulates that this prior conviction satisfies the "prior conviction" requirement of 18 U.S.C. § 2252(b)(2).

3. ███████████████████████ is a long-time associate of NADER. ████ and Nader on occasion discussed a mutual interest in child pornography, which they referred to in

their communications as "wine." ▮ on occasion, shared with NADER electronic mails with links to child pornography. At times, NADER acknowledged by email that he accessed or attempted to access the content of some links to child pornography that ▮ had sent him.

4. For example, ▮ sent an email to NADER on October 26, 2010, which included the link "http://www.gayboystube.com/video/14318/he-loves-his-lolly." NADER responded on October 30, 2010: "Which page I can find it. It goes to home page but can't find this video. Please advise. Thanks and regards." ▮ responded on October 31, 2010: "its gone already, guess she was not 28. :( ill keep my eye out for it again." NADER responded on November 1, 2010 with "ok Thanks." NADER admits that it was long-standing practice for he and ▮ to add 10 years to the age of persons they are referring to in their email communications, which means that ▮ is acknowledging in his response that the person in the video he was sending could have been a minor.

5. From September 20, 2012 through October 1, 2012, NADER was located in the Southern District of New York.

6. On September 22, 2012, ▮ sent an email to NADER which included approximately 30 links to explicit images and videos that were stored on the site zippyshare.com. Included in those links were files entitled "cal 15.zip," "cody 12.zip," "jack 16.zip," "mason 14 got caught lol.zip," and "paul 17.zip." NADER responded to the email with "Thanks!" on September 23, 2012.

7. On September 25, 2012, ▮ sent an email to NADER which included approximately 35 links to explicit images and videos that were stored on the site zippyshare.com. Included in those links were files entitled "Irland16.rar," "NoCum16.rar," "Highschool17.rar,"

2

"17 nocum.rar," "CloseUpBoyCum.rar," "Boy4camxd," "Hawt17NoCum.rar," and "Okej16 NoCum.rar."

8. Also, on September 25, 2012, ▓ sent an email to NADER which included 10 links to explicit images and videos that were stored on the site zippyshare.com. Included in those links were files entitled "ukHairy15.rar," "2mexicofriends.rar," "CalCummer.rar," and "readycummer.rar."

9. On September 27, 2012, ▓. sent an email to NADER which included 3 links to explicit images and videos that were stored on the site zippyshare.com. In the string of emails leading up to the sending of links, Nader is asked by ▓. whether a person they were discussing enjoys "wine as we do," which means whether he enjoys child pornography. NADER responds "Enjoy wine as we do!"

10. On September 28, 2012, ▓ sent a file link to NADER. NADER responds "OMG! Please get me the whole series if possible! Please! Thanks."

11. While he was in Southern District of New York from September 20, 2012 through October 1, 2012, NADER admits that he knowingly possessed, or knowingly accessed with intent to view, at least one video of child pornography in violation of 18 U.S.C. § 2252(a)(4) and (b)(2). He further has been advised that venue for this particular admitted conduct would lie in the Southern District of New York. Nonetheless, in exchange for the plea agreement associated with this Statement of Facts, the defendant has elected to knowingly and voluntarily waive any objection to venue involving his criminal conduct between September 20, 2012 and October 1, 2012 in the Southern District of New York. He agrees to resolve these charges in the Eastern District of Virginia, Alexandria Division.

12. In October 1999, while in the Czech Republic, MINOR BOY 1 was introduced to NADER by another Czech national for purposes of commercial sex. In November 1999, NADER invited MINOR BOY 1 to travel to the United States. MINOR BOY 1 told NADER that he had a Czech passport but no U.S. visa. NADER explained before their next meeting that NADER would obtain a U.S. visa for MINOR BOY 1 to travel to the United States. NADER then provided additional cash to MINOR BOY 1.

13. In December 1999, NADER again asked MINOR BOY 1 to meet. NADER and MINOR BOY 1 discussed obtaining MINOR BOY 1's mother's approval for MINOR BOY 1 to travel to the United States. After obtaining her approval, MINOR BOY 1 obtained his and his mother's Czech passports and provided them to NADER. NADER arranged for the U.S. visa request for MINOR BOY 1 to be submitted.

14. In early January 2000, NADER sent money to an intermediary to give money to MINOR BOY 1.

15. On February 1, 2000, the United States Department of State issued MINOR BOY 1 a U.S. visa with a number ending in 0004, as documented in the United States Department of State Consolidated Consular Database. The visa was valid for ten (10) years. The visa contained a photo of MINOR BOY 1 with his actual date of birth and a Czech Passport Number ending in 1154.

16. NADER communicated with MINOR BOY 1 by telephone, providing detailed instructions for travel to the United States. MINOR BOY 1 did as NADER instructed; traveling from Prague to Vienna, Austria by train; and he eventually made his way to the Vienna airport. There, MINOR BOY 1 found a Lufthansa plane ticket issued in his name, which had been arranged by NADER. The ticket allowed MINOR BOY 1 to travel from Vienna to Frankfurt,

Germany with a connecting flight to Washington-Dulles International Airport in Dulles, Virginia, located in the Eastern District of Virginia. On February 6, 2000, MINOR BOY 1 arrived on Lufthansa Flight 418 from Frankfurt, Germany at Washington-Dulles International Airport. NADER met MINOR BOY 1 at the airport and transported MINOR BOY 1 to NADER's Washington, D.C. residence.

17. On March 18, 2000, MINOR BOY 1 departed the United States on Lufthansa Flight 419 from Washington-Dulles International Airport to Frankfurt, Germany.

18. NADER admits that, on or about February 6, 2000, he knowingly transported MINOR BOY 1 in interstate or foreign commerce with the intent that MINOR BOY 1 engage in prostitution or in any sexual activity for which any person can be charged with a criminal offense, as the factual predicate for a violation of 18 U.S.C. § 2423(a). NADER has not conceded that this conduct is legally punishable and asserts that the application of Section 2423(a) to his conduct in 2000 is now time-barred.

19. On January 17, 2018, NADER departed Dubai, United Arab Emirates on a direct flight aboard Emirates Airlines Flight 231 and arrived the same day at Washington-Dulles International Airport, which is in the Eastern District of Virginia.

20. At Washington-Dulles International Airport on January 17, 2018, NADER informed an agent from United States Customs and Border Protection that he was in possession of three iPhones. NADER was later voluntarily interviewed by FBI agents regarding a matter unrelated to child pornography. At the conclusion of the interview, NADER was informed of the existence of a search warrant issued by the Eastern District of Virginia (1:18-SW-30) and the three iPhones were subsequently seized.

One of the cellular telephones seized from NADER on January 17, 2018 was an iPhone 7 with serial number F2LSD2XFHFY4. This telephone contained videos of a graphic nature that the government asserts meet the definition of a minor engaged in "sexually explicit conduct" under Title 18, United States Code Section 2256(2)(A). Specifically, the iPhone 7 seized from the defendant on January 17, 2018 contained numerous videos in WhatsApp chats with individuals known to NADER. NADER actively communicated with these individuals, receiving while he was located in a foreign country one or more videos containing what the government has asserted and believes it would prove beyond a reasonable doubt at trial is contraband child pornography and/or obscenity.

21. On March 24, 2018, NADER departed Washington-Dulles International Airport on a direct flight aboard Emirates Airlines Flight 232 destined for Dubai, United Arab Emirates.

22. On April 19, 2018, a complaint (1:18-MJ-196) was sworn out in the United States District Court for the Eastern District of Virginia. The complaint charged NADER with a violation of 18 U.S.C. §§ 2252(a)(1) and (b)(1) on January 17, 2018, when he brought the iPhone 7 into the United States.

23. On June 3, 2019, NADER departed Dubai, United Arab Emirates, on a direct flight aboard Emirates Flight 203 and landed at John F. Kennedy International Airport, located in Queens, New York, within the Eastern District of New York. NADER was identified by officers of U.S. Customs and Border Protection when NADER presented his U.S. passport for inspection as he exited the aircraft. After being cleared through customs and immigration, NADER was arrested by agents of the FBI on the complaint previously sworn on April 19, 2018.

24. At the time of his arrest, NADER was in possession of four digital mobile devices, including an iPhone X (Model MQAG2AE/A) with serial number DNPVK3U3JCL9

and an iPhone 6 Plus (Model MGCU2LL/A) with serial number F2LNK2F7G5QL. On June 14, 2019, Search Warrant 1:19-SW-881 was sworn out in the United States District Court for the Eastern District of Virginia for the four digital devices.

25. The iPhone X and iPhone 6 Plus seized from the defendant on June 3, 2019 contained numerous images and videos in chats with individuals known to NADER. NADER actively communicated with these individuals, receiving or sending one or more videos (while NADER was located in a foreign country) that contain what the government has asserted and believes it would prove beyond a reasonable doubt at trial is contraband child pornography.

26. This Statement of Facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

27. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

This Statement of Facts shall be admissible as a knowing and voluntary confession in any proceeding against the defendant regardless of whether the plea agreement is presented to or accepted by a court. Moreover, the defendant waives any right that he may have under Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the Statement of Facts in any such proceeding.

Respectfully submitted,
G. Zachary Terwilliger
United States Attorney

By: _____
Jay V. Prabhu
Chief, Cybercrime Unit
Assistant United States Attorney

Defendant's Stipulation and Signature: After consulting with my attorneys, I hereby stipulate that the above Statement of Facts is true and accurate, and that if the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 10/28/19    _____
George Aref Nader
Defendant

Defense Counsel's Signature: I am the attorney for the defendant in this case, George Aref Nader. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is informed and voluntary.

Date: 10/24/19    _____
Jonathan Jeffress
Counsel for the Defendant