RECEIVED MAILROOM
MAY 15 2020
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Clerk of Court,

   Please present the enclosed letter to Judge Leonie M. Brinkema. The letter present evidence of fraud on this district court.

Respectfully,

David A Diel

RECEIVED MAILROOM
MAY 15 2020
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

United States District Court
E.D. VA, Alexandria Division

Judge: Leonie M. Brinkema

Re: <u>Nader</u> 2019 U.S. Dist. Lexis 205-882
(E.D. Virginia, Alexandria Div)

You are receiving the enclosed letter which was sent to attorney Timothy Mc Carten concerning the George Aref Nader Criminal Case which is before you. A premature Amicus Curiae brief was also sent to the Fourth Circuit containing essentially the same information. Since they do not have jurisdiction at this point, it was returned on April 16, 2020. I will need notice following Mr. Naders appeal.

The information contained in the enclosed letter makes very serious allegations of fraud against you, Congress, and at least twelve citizens charged with time expired federal offenses.

I seek notice that you have read the letter so I will know you are aware of the problem.

David A. Diehl, 53214018
Federal Correctional Complex
USP Coleman II
PO Box 1034
Coleman, FL 33521

David A Diehl
April 22, 2020

RECEIVED MAILROOM
MAY 15 2020
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

1

Timothy Mc Carten
Clayton, Davidson, Laforge
555 11th St NW #1000
Washington, DC 2004

David A. Diehl, 53214018
Federal Correctional Complex
USP Coleman II
PO Box 1034
Coleman, FL 33521

Your are receiving this letter concerning the fraud that has been committed against your client, or ex-client Mr. Nader, by the United States whereby they intentionally and knowingly applied 18 U.S.C. §3283 to his expired criminal charges.

A careful review of the 1986 Sexual Abuse Act, and other legislative history shows the intent of the 1990 statute of limitations (SOL).[1] Section 3283 applies to Chapter 109A, and the pre-existing now repealed statutes 18 U.S.C. 2031(rape), 2032(Carnal Knowledge of a minor), It also includes Assault with intent to commit rape at 18 U.S.C. §113(a)(physical abuse), and state offenses that can be assimilated via 18 U.S.C. §1153(b). The 1986 Sexual Abuse Act was a comprehensive definition of sexual abuse, " H.R. 4745 is drafted to cover the widest possible variety of sexual abuse ...." P. 12. See examples at footnote 41.

The 18 U.S.C. §3509(a)(8) definition of sexual abuse, which every fraudulent application of the SOL depends on, is not at all applicable to the statute of limitations at §3283. This is exactly why congress intentionally did not reference the term after a technical correction in 1994, and two additional amendments. The §3509(a) definitions are titled by "For the purpose of this section only." The 1990 Victim Of Child Abuse Act drafting error, which caused the misplacement, is not grounds to misapply the non-applicable definition. Furthermore §3283 applies to the phrase "sexual or physical abuse," not "sexual abuse." Its obvious it's a phrase because neither physical abuse, or kidnapping are defined at all in §3509(a). The SOL also defines "child" itself, and adding "exploitation" through "sexual abuse" causes superfluity in Child at §3509(a)(2), and Child abuse at §3509(a)(3). Together, these obvious problems violate key statutory interpretation doctrine. Superfluity is to be avoided, and all terms must be considered. <u>Williams v. Taylor</u>. 529

---

1. Federal Rape Law Reform, Hearing Subcommittee on Criminal Justice House Of Rep. 98th Cong, 2nd Session, August 31, Sept 12 regarding H.R. 4876, (n 1984) and Sexual Abuse Act 1986.

2

U.S. 362, 404 (2000)

The Child Abuse definitions at §3509(a)(3)-(9), and (11) are for Child Abuse Reporting at 18 U.S.C. §2258, and 42 U.S.C. §13031. Only §13031 makes use of those definitions, and ironically §2258 which is the criminal component of reporting references the definitions from Title 42. The Child Abuse definitions are incompatible with the primary §3509(a) definition "Child" at §3509(a)(2). The definitions are not "global" in scope.

The government has repeatedly made false statements about the relevance of these definitions, at times saying they are defined "in" §3283. See United States v. Diehl, 775 F.3d 714 (5th Cir. 2015). The government has also made specious, sophist arguements leading courts to believe that the statute of limitations, originally at §3509(k), was moved verbatin to §3283. But obviously only the first sentence was moved. The part that remained which is the civil stay language, and which indirectly needs the definitions, remained at §3509(k).[1]

Given the legislative history of the Sexual Abuse Act, which actually proposed the SOL, the governments statements that the "the only definition of sexual abuse in Title 18 is §3509(a)(8)" is patently false. According to Esquivel Quintanna V. Sessions, 198 LED 22 (2017) statutes themselves can be used for common definition applications. Chapter 109A now defines both sexual and physical abuse. Regarding Chapter 109A, "Prosecutors will be able to *specifically* define the offense, in terms of assault." See 1984 hearings Page 98.

Apparently the SOL was not enacted until 1990 because of the minimal amount of federal rape offenses in 1986. Section §3283 applies back to the repealed offenses. See United States v. Johns, 15 F.3d 740 (8th Cir. 1993). This is obviously why 18 U.S.C. §3299 can't repeal §3283. Section §3283's language is generic because it apparently includes assimilated state offenses, it doesn't specifically override §3282 because it precludes state SOL.

The government has also repeatedly said that §3509(a)(8) is "consonent" with a plain meaning definition of sexual abuse,[2] but this is also false. First, Chapter 109A and Marion Webster require a

---

1. In all proposed SOL bills except Joe Bidens the SOL was stand alone and targetted for Chapter 213 instead of 223.
2. United States v. Schneider, 2010 U.S.Dist Lexis 97695 (E.D. Penn, 2010).

3

sex act which is defined at 18 U.S.C. §2246(2) in Chapter 109A. There is no other definition of sex act in Title 18. Federally sex act requires contact. For this reason §3509(a)(8) has been used to avoid a categorical analysis in many cases including <u>United States v. Diehl</u>, 775 F.3d 714 (5th Cir. 2015), relying on <u>Carpenter</u>.

### FRAUD

The United States is well aware of the narrow, enclave based, rape focus of §3283 which is why they enacted §3299 in 2006. Section §3296 was proposed by the Justice Department in 2002 to Joe Biden in a letter*. The J.D. said it <u>had</u> to be retroactive. Congress however in the 2003 Protect Act added 18 U.S.C. §3282(b) as a DNA exception for Chapter 109A only. Note §3283 was still being amended months prior to §3299 in Joe Biden J.R's Violence Against Womans Act amendment.

To get arrests the government has lyed to Grand Juries[1], changed video production dates in §2251(a) cases[2], and committed other frauds on the court to get expired convictions[3]. The actions are organized, and are an assault on congressional intent.

The Supreme Court has consistently upheld statute of limitations laws. <u>Toussie v. United States</u>, 397 U.S. 112, 114-115 (1970)(Limitations limit criminal exposure).

Please contact me with any questions or new information. I am currently challenging this fraud in my Petition For Certificate Of Appealability before the Fifth Circuit at this time.[4]

---

* Letter from Assistant AG Daniel Bryant dated Nov 25, 2002.

1. United States v. Diehl (Supra)
2. <u>United States v. Gool</u>, 2009 U.S. Dist. Lexis 61451 (S.D. Iowa, 2009)
   <u>United States v. Coutentos</u>, 651 F.3d 809 (8th Cir. 2011) (Final Reply)
   <u>United States v. Sensi</u>, 3:08-CR-253 (D.Conn 2010) (Wife stipulates to invalid date)
3. <u>United States v. Vickers</u>, 2014 U.S. Dist Lexis 64150 (2014) (Never defined specific dates, and accepted §3509(a)(8) without debate.)
4. <u>United States v. Botsvynyuk</u>, 552 Fed. Appx. 178 (3rd Cir. 2013) (Extending Rico 1962 by adding baseless count)
4. <u>Diehl v. United States of America</u>, 19-50165, 1:16-CV-1124-LY