# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 1:19-CR-201 |
| GEORGE AREF NADER, | The Honorable Judge Brinkema |
| Defendant. | |

**MR. GEORGE NADER'S RESPONSE TO THE**
**GOVERNMENT'S POSITION ON SENTENCING**

Mr. George Nader respectfully submits this Response to the Government's Position on Sentencing. By this response, Mr. Nader addresses several arguments from the Government's memorandum and provides further clarification of his position thereto, so as to assist the Court and provide for the most efficient sentencing hearing.

**A. The Government's Position on the Sentencing Guidelines.**

First, while Mr. Nader fully concurs with the Government that ten years is the appropriate sentence under the factors set forth in 18 U.S.C. § 3553(a), the defense respectfully disagrees with the Government's new-found position that the Presentence Report ("PSR")'s calculation of the guidelines range as 292-365 months is "properly calculated." Position of the United States With Respect to Sentencing ("Gov't Sent. Position") at 1. In addition to the objections set forth in Mr. Nader's Memorandum in Aid of Sentencing and Objections to Presentence Investigation Report, it is noteworthy that the Government previously maintained a different and significantly lower view of the proper calculation of the sentencing guidelines—a view of the Guidelines that the Government agreed to recommend to the Court. Both in negotiations with Mr. Nader

regarding the plea and in the plea agreement itself, the Government stated that it "**will recommend to the Court** that the following provisions of the relevant Sentencing Guidelines apply:

With respect to a conviction under 18 U.S.C. 2252(a)(4) and the 2011 Sentencing Guidelines:

- Pursuant to § 2G2.2(a)(1), the defendant's base offense level is 18;
- Pursuant to § 2G2.2(b)(2), the defendant receives a two-level enhancement because his offense involved material involving a prepubescent minor or a minor who had not attained the age of 12 years;
- Pursuant to § 2G2.2(b)(4), the defendant receives a four-level enhancement because his offense involved material that portrays sadistic or masochistic conduct or other depictions of violence or sexual abuse or exploitation of an infant or toddler;
- Pursuant to § 2G2.2(b)(6), the defendant receives a two-level enhancement because his offense involved the use of a computer;
- Pursuant to § 2G2.2(b)(7), the defendant receives at least a two-level enhancement because his offense involved at least one video (at least 75 images).

With respect to a conviction under 18 U.S.C. 2423(a) and the 1998 Sentencing Guidelines:

- Pursuant to § 2G1.1(a), the defendant's base offense level is 14;
- Pursuant to § 2G1.1(b)(2)(B), the defendant receives a seven-level enhancement because his offense involved a victim who had attained the age of 12 years, but not attained the age of 16 years; and
- Pursuant to § 2G1.1(b)(3), because subsection (b)(2) applies, the defendant receives a two-level enhancement because the victim was otherwise in the custody, care, or supervisory control of the defendant."

Plea Agreement at 4 (emphasis added). Under the calculation the Government proffered to the defense during plea negotiations and promised that it would recommend to the Court, Mr. Nader's total adjusted Guideline range is **63-78 months**—about five times lower than the Guidelines range the Government now describes as "properly calculated." Gov't Sent. Position at 1. The defense also respectfully disagrees that the Government's sentencing memorandum

reflects the Government "recommending" this range to the Court, as the plea agreement required it to do.[1]

The defense understands that the parties' Guidelines calculation is not binding on the Court. Nonetheless, it is informative that Government counsel—who is very experienced in this area, including in the application of the Sentencing Guidelines—endorsed a much lower range both to counsel and the Court up to and until the submission of its sentencing position. The defense respectfully submits that the Court should consider the Government's position during plea negotiations—and as reflected in the plea agreement itself—in evaluating Mr. Nader's arguments under the Sentencing Guidelines.

**B. The Government's Allegation Regarding Mr. Nader's "Community."**

Second, the Government alleges the Mr. Nader's conduct "indicates that he is an online member of a community of child sex offenders." Gov't Sent. Position at 8. That is incorrect. The 2012 conduct for which Mr. Nader was convicted and the more recent conduct that was the subject of the dismissed indictment show that Mr. Nader's online involvement was far more limited and aged. As to the 2012 conduct (Count 1 of the Information), Mr. Nader has pled to possession of material received by email from a single individual back in 2012. The Government has not alleged, and Mr. Nader has not pled to, distribution of that material to a wider audience through any online community. There is further nothing in the Statement of

---

[1] In a footnote to its Sentencing Position, the Government appears to argue that it was not bound to recommend the Guidelines range it promised to recommend in the plea agreement because the agreement also states that "[t]he United States and the defendant have not agreed on any further sentencing issues, whether related to the Sentencing Guidelines or otherwise." Gov't Sent. Position at 4 n.3. The defense fails to understand the Government's argument here or how it permits the Government to recommend a different Guidelines range from the one it promised to recommend.

3

Facts that indicates that the 2012 conduct in any way "indicates that [Mr. Nader] is an online member of a community of child sex offenders." Gov't Sent. Position at 8.

In addition, the conduct underlying Count 1 was in 2012, seven years prior to Mr. Nader's arrest. It therefore does not support the government's assertion that Mr. Nader "is" a member of an online community exchanging child pornography. The Government has forensically (and thoroughly) examined countless of Mr. Nader's electronic devices from 2018 and 2019; if Mr. Nader was part of a child pornography ring in recent years, the Government would have discovered evidence of it, and that evidence would be before the Court.

Nor does the conduct that was the subject of the now-dismissed Counts 1 and 2 of the indictment indicate that Mr. Nader was a part of any online community of child sex offenders. As Mr. Nader argues in detail in his sentencing memo and as Dr. Berlin's report and the PSR reflect, before his arrest, Mr. Nader often exchanged entirely innocent messages with friends of his on a variety of subjects, from the latest news to opinion pieces on the Middle East to dog videos. The videos discovered in 2018 (which were the subject of the now-dismissed indictment) reflect a very small fraction of those conversations, and certainly were not part of some covert online "community" of unidentified "child sex offenders." As Dr. Berlin opined— after viewing the images and surrounding messages— many of these seconds-long video clips were "misguided attempt[s] at perverse humor, rather than a stimulus intended to elicit erotic arousal." ECF 193, Ex. 1 at 13.

C. **The 2003 Czech Republic Case.**

Third, the record should accurately reflect the circumstances of the 2003 Czech case involving Minor Boy 1. The Government stated in its Position that Mr. Nader was not convicted for any conduct involving Minor Boy 1 in the Czech Republic. Gov't Sent. Position at 3.

4

According to a translation of the Czech opinion in that case, however, Mr. Nader *was* convicted of conduct involving Minor Boy 1 that took place in the Czech Republic (along with conduct involving others), just not for any conduct involving Minor Boy 1 that occurred in the United States.

The Czech court only had Minor Boy 1's deposition testimony, not his live testimony, and although though there was no controversy about the Czech conduct, the United States conduct was in dispute. At the time of the trial, Minor Boy 1 was living in Spain with his sister. Minor Boy 1's mother and a social worker urged the court to let Minor Boy 1 stay in Spain, where he was doing well, rather than come back to the Czech Republic, where he had repeatedly been in legal trouble and engaged in prostitution (both of which pre-dated his encounters with Mr. Nader). Rather than force Minor Boy 1 to return from Spain for trial, Mr. Nader consented to Minor Boy 1's deposition testimony being read into the record. That testimony established the alleged conduct in the Czech Republic and Mr. Nader was convicted and served a sentence for that conduct. It did not, however, sufficiently establish that any crime occurred in the United States, especially because Mr. Nader disputed Minor Boy 1's account of what happened in the United States. Thus, the Government is correct that Minor Boy 1 did not testify at that trial, but is incorrect in stating that Mr. Nader was not convicted (and punished) for conduct involving Minor Boy 1 in Czech.

Mr. Nader thanks the Court for the opportunity to clarify these points and thanks the Government for maintaining its agreed-upon ten year sentencing recommendation as a proper reflection of the § 3553(a) factors. Mr. Nader stands ready to be sentenced on June 26, 2020.

## **CONCLUSION**

For all of the foregoing reasons, Mr. Nader respectfully requests that the Court impose the parties' agreed-upon sentence: ten years' incarceration.


Dated: June 25, 2020

Respectfully submitted,

*/s/ Jonathan S. Jeffress*
Jonathan S. Jeffress (#42884)
Emily Anne Voshell (#92997)
Courtney Roberts Forrest (#76738)
KaiserDillon PLLC
1099 14th Street, NW, 8th Fl. West
Washington, DC 20005
Tel: (202) 640-4430
Fax: (202) 280-1034
jjeffress@kaiserdillon.com
evoshell@kaiserdillon.com
cforrest@kaiserdillon.com

John N. Nassikas III (#24077)
Andrew E. Talbot (#93801)
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
John.Nassikas@arnoldporter.com

*Attorneys for Defendant*
*George Aref Nader*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 25, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record.

                                        /s/ Emily Voshell
                                        Emily Voshell