# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

UNITED STATES OF AMERICA

v.  Case Number 1:19CR00201-001

**GEORGE AREF NADER,**

Defendant.

## JUDGMENT IN A CRIMINAL CASE

The defendant, GEORGE AREF NADER, was represented by Jonathan Jeffress, Emily Voshell, John Nassikas, and Courtney Roberts Forrest, Esquires.

The defendant pleaded guilty to a two-count Criminal Information. Accordingly, the defendant is adjudged guilty of the following counts, involving the indicated offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(4) and (b)(2) | Possession of Visual Depictions of Minors (Felony) | 10/01/2012 | 1s |
| 18 U.S.C. § 2423(a) and 2426 | Transportation of a Minor with Intent to Engage in Criminal Sexual Activity (Felony) | 02/2000 | 2s |

On motion of the United States, the indictment pending against the defendant was dismissed as against him.

As pronounced on June 26, 2020, the defendant is sentenced as provided in pages 2 through 9** of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this 26th day of June, 2020.

/s/
Leonie M. Brinkema
United States District Judge

** Page 9 of this document contains sealed information

Defendant: GEORGE AREF NADER
Case Number: 1:19CR00201-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of TEN (10) YEARS, as to each of Counts 1s and 2s, to run concurrently; with credit for time served.

The Court makes the following recommendations to the Bureau of Prisons:

The defendant to be designated to F. C. I. Petersburg, Virginia.

The defendant is remanded into the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.

c: P.O. (2) (3)
   Mshl. (4) (2)
   U.S.Atty.
   U.S.Coll.
   Dft. Cnsl.   By
   PTS
   Financial
   Registrar
   ob

_____
United States Marshal

_____
Deputy Marshal

Defendant: GEORGE AREF NADER
Case Number: 1:19CR00201-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a LIFE term as to each of Counts 1 and 5; to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

    While on supervised release, the defendant shall not commit another federal, state, or local crime.

    While on supervised release, the defendant shall not illegally possess a controlled substance.

    While on supervised release, the defendant shall not possess a firearm or destructive device.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISED RELEASE

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below):
1) The defendant shall not leave the judicial district without the permission of the Court or probation officer.
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the Probation Officer within 72 hours, or earlier if so directed, of any change in residence.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 3/99)(EDVA rev.) Sheet 3 (cont'd) - Supervised Release

Judgment--Page 4 of 9

Defendant: GEORGE AREF NADER
Case Number:   1:19CR00201-001

## SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional conditions:

1. The defendant may voluntarily leave the United States at the conclusion of his term of imprisonment. The term of supervised release imposed shall be unsupervised, so long as the defendant remains outside of the country. However, should the defendant return to the United States for any reason during the term of supervised release he is required to contact the United States Probation office in Alexandria, Virginia within 48 hours and his term of supervision will be converted to supervised while he remains in the United States.

2. Pursuant to the Sex Offender Registration and Notification Act (SORNA), the defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends school, according to federal and state law and as directed by the probation officer, and shall submit to a search of his person, property, house, residence, vehicle, papers, and effects at any time, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision, upon prior notification to and approval by the court or with a warrant.

3. The defendant shall undergo a mental health evaluation and, if recommended, participate in a program approved by the United States Probation Office for mental health treatment, to include a psychosexual evaluation and sex offender treatment. The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment to allow the release of information to the Unites States Probation Office and authorize communication between the probation officer and the treatment provider. The costs of these programs are to be paid by the defendant as directed by the probation officer.

4. The defendant shall not engage in employment or volunteer services that allow him access to computers or minors.

5. The defendant shall not purchase, possess or view any sexually explicit material or images using young juvenile models under the age of 18 in any format including, but not limited to, in magazines, books, on the computer, or any electronic device, in videos, movies, and television.

6. The defendant shall have no contact with minors unless supervised by a competent, informed adult, approved in advance by the probation officer.

7. The defendant shall comply with the requirements of the computer monitoring program as administered by the probation office. The defendant shall consent to the installation of computer monitoring software on any computer to which the defendant has access. Installation shall be performed by the probation officer. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. The defendant shall also notify others of the existence of the monitoring software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software. The costs of the monitoring shall be paid by the defendant.

8. The defendant shall pay a $25,000.00 fine, due and payable immediately. Any remaining balance shall be paid in equal monthly payments of $500.00, to commence within 60 days after release from imprisonment, until paid in full.

Defendant: GEORGE AREF NADER
Case Number: 1:19CR00201-001

Judgment--Page 5 of 9

## SPECIAL CONDITIONS OF SUPERVISION

9. Although mandatory drug testing is waived pursuant to 18 U.S.C §3564 (a)(4), the defendant must remain drug free and his probation officer may require random drug testing at any time. Should a test indicate drug use, then the defendant must satisfactorily participate in, and complete, any inpatient or outpatient drug treatment to which defendant is directed by the probation officer.

(Rev. 3/99)(EDVA rev.) Sheet 5 - Financial Penalties

Judgment--Page 6 of 9

Defendant: GEORGE AREF NADER
Case Number:  1:19CR00201-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total monetary penalties in accordance with the schedule of payments set out below.

| Count | Special Assessment | Fine |
|---|---|---|
| 1s | $100.00 | 0.00 |
| 2s | $100.00 | 0.00 |
| **Total** | **$200.00** | **0.00** |

### FINE

The defendant shall pay a $25,000.00 fine, due and payable immediately. Any remaining balance shall be paid in equal monthly payments of $500.00, to commence within 60 days after release from imprisonment, until paid in full.

### SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:  (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The special assessment is due in full immediately.  If not paid immediately, the Court authorizes the deduction of appropriate sums from the defendant's account while in confinement in accordance with the applicable rules and regulations of the Bureau of Prisons.

Any special assessment, restitution, or fine payments may be subject to penalties for default and delinquency.

If this judgment imposes a period of imprisonment, payment of Criminal Monetary penalties shall be due during the period of imprisonment.

All criminal monetary penalty payments are to be made to the Clerk, United States District Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

AO 245 S (Rev. 3/99)(EDVA rev.) Sheet 6 - Restitution and Forfeiture

Judgment--Page 7 of 9

Defendant: GEORGE AREF NADER
Case Number: 1:19CR00201-001

## RESTITUTION AND FORFEITURE

### RESTITUTION

The Court, pursuant to the Victim and Witness Restitution Act, finds that the following is/are victim(s) of defendant's criminal conduct and has/have sustained loss in the indicated amounts and orders $150,000.00 restitution by the defendant as follows:

| Name & address of payee(s) | Amount |
|---|---|
| SEE ATTACHED RESTITUTION ORDER | $150,000.00 |
| **Total** | **$150,000.00** |

Payments of restitution are to be made to Clerk, U. S. District Court, 401 Courthouse Square, Alexandria, VA 22314.

Restitution is due and payable within 60 days of the date of this judgment.

Interest accrues as provided in 18 U.S.C.§ 3612(f).

If there are multiple payees, any payment not made directly to a payee shall be divided proportionately among the payees named unless otherwise specified here:

### FORFEITURE

Forfeiture is directed in accordance with the Consent Order of Forfeiture entered by this Court on June 26, 2020.