rec'd

RECEIVED

JUL 27 2020

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

United States District Court
E.D. VA., Alexandria Division

1:19CR201

Re: united states v. Nader, 2019 U.S. Dist.
Lexis 205882 (E.D virginia, Alexandria Div)

Attn: Judge Leonie M. Brinkema

on April 22, 2020   I filed an amicus
curiae concerning the above case. I received no
reply. On June 30 I sent a follow up letter
and explicitly requested status. To date I have
heard nothing. I therefore am again requesting
status.

The united States is deliberatly misapplying
18 USC §3283 in cases, and there is now
irrefutable proof. The Courts are complieit in
it and that appears to include you. A word
of warning. the truth is out that §3283 is
for chapter 109A only. Justice will not be
denied by these corrupt united States attornies
or bought off judges. Its gone on to
long.

David a siul

1



David A. Diehl, 53214018
Federal Correctional Complex
USP Colenan II
PO Box 1034
Colenan, FL 33521

Mr. Hanley,

Your are receiving this letter concerning the fraud that has
been committed against your client, or ex-client Mr. Panner
by the United States whereby they intentionally and knowingly applied
18 U.S.C. §3283 to his expired criminal charges.

A careful review of the 1986 Sexual Abuse Act, and other
legislative history shows the intent of the 1990 statute of limitations
(SOL).[1] Section 3283 applies to Chapter 109A, and the pre-existing
now repealed statutes 18 U.S.C. 2031(rape), 2032(Carnal Knowledge
of a minor), It also includes Assault with intent to commit rape at
18 U.S.C. §113(a)(physical abuse), and state offenses that can be
assimilated via 18 U.S.C. §1153(b). The 1986 Sexual Abuse Act was
a comprehensive definition of sexual abuse, " H.R. 4745 is drafted
to cover the widest possible variety of sexual abuse ...." P. 12. See
examples at footnote 41.

The 18 U.S.C. §3509(a)(8) definition of sexual abuse, which
every fraudulent application of the SOL depends on, is not at all
applicable to the statute of limitations at §3283. This is exactly
why congress intentionally did not reference the term after a
technical correction in 1994, and two additional·amendments. The
§3509(a) definitions are titled by "For the purpose of this section
only" The 1990 Victim Of Child Abuse Act drafting error, which
caused the misplacement, is not grounds to misapply the non-applicable
definition. Furthermore §3283 applies to the phrase "sexual or
physical abuse," not "sexual abuse." Its obvious it's a phrase because
neither physical abuse, or kidnapping are defined at all in §3509(a).
The SOL also defines "child" itself, and adding "exploitation"
through "sexual abuse" causes superfluity in Child at §3509(a)(2),
and Child abuse at §3509(a)(3). Together, these obvious problems
violate key statutory interpretation doctrine. Superfluity is to be
avoided, and all terms must be considered. <u>Willians v. Taylor</u>.529

---

1. Federal Rape Law Reforn, Hearing Subcommittee on Criminal Justice
   House Of Rep. 98th Cong, 2nd Session, August 31, Sept 12  regarding
   H.R. 4876, (n1984) and Sexual Abuse Act 1986.

2

U.S. 362, 404 (2000)

The Child Abuse definitions at §3509(a)(3)-(9), and (11) are for Child Abuse Reporting at 18 U.S.C. §2258, and 42 U.S.C. §13031. Only §13031 makes use of those definitions, and ironically §2258 which is the criminal component of reporting references the definitions from Title 42. The Child Abuse definitions are incompatible with the primary §3509(a) definition "Child" at §3509(a)(2). The definitions are not "global" in scope.

The government has repeatedly made false statements about the relevance of these definitions, at times saying they are defined "in" §3283. See United States v. Diehl, 775 F.3d 714 (5th Cir. 2015). The government has also made specious, sophist arguements leading courts to believe that the statute of limitations, originally at §3509(k), was moved verbatim to §3283. But obviously only the first sentence was moved. The part that remained which is the civil stay language, and which indirectly needs the definitions, remained at §3509(k).[1]

Given the legislative history of the Sexual Abuse Act, which actually proposed the SOL, the governments statements that the "the only definition of sexual abuse in Title 18 is §3509(a)(8)" is patently false. According to Esquivel Quintanna V. Sessions, 198 LED 22 (2017) statutes themselves can be used for common definition applications. Chapter 109A now defines both sexual and physical abuse. Regarding Chapter 109A, "Prosecutors will be able to specifically define the offense, in terms of assault." See 1984 hearings Page 98.

Apparently the SOL was not enacted until 1990 because of the minimal amount of federal rape offenses in 1986. Section §3283 applies back to the repealed offenses. See United States v. Johns, 15 F.3d 740 (8th Cir. 1993). This is obviously why 18 U.S.C. §3299 can't repeal §3283. Section §3283's language is generic because it apparently includes assimilated state offenses, it doesn't specifically override §3282 because it precludes state SOL.

The government has also repeatedly said that §3509(a)(8) is "consonent" with a plain meaning definition of sexual abuse,[2] but this is also false. First, Chapter 109A and Marion Webster require a

1. In all proposed SOL bills except Joe Bidens the SOL was stand alone and targetted for Chapter 213 instead of 223.
2. United States v. Schneider, 2010 U.S.Dist Lexis 97695 (E.D. Penn,2010).

3

sex act which is defined at 18 U.S.C. §2246(2) in Chapter 109A. There
is no other definition of sex act in Title 18. Federally sex act
requires contact. For this reason §3509(a)(8) has been used to
avoid a categorical analysis in many cases including United States v.
Diehl, 775 F.3d 714 (5th Cir. 2015), relying on Carpenter.

## FRAUD

The United States is well aware of the narrow, enclave based,
rape focus of §3283 which is why they enacted §3299 in 2006. Section
§3296 was proposed by the Justice Department in 2002 to Joe Biden in
a letter[*]. The J.D. said it had to be retroactive. Congress however
in the 2003 Protect Act added 18 U.S.C. §3282(b) as a DNA exception
for Chapter 109A only. Note §3283 was still being amended months prior
to §3299 in Joe Biden J.R's Violence Against Womans Act amendment.

To get arrests the government has lyed to Grand Juries,[1] changed
video production dates in §2251(a) cases,[2] and committed other frauds
on the court to get expired convictions.[3] The actions are organized,
and are an assault on congressional intent.

The Supreme Court has consistently upheld statute of limitations
laws. Toussie v. United States, 397 U.S. 112, 114-115 (1970)(Limitations
limit criminal exposure).

Please contact me with any questions or new information. I am
currently challenging this fraud in my Petition For Certificate Of
Appealability before the Fifth Circuit at this time.[4]

---

[*] Letter from Assistant AG Daniel Bryant dated Nov 25, 2002.
1. United States v. Diehl (Supra)
2. United States v. Gool, 2009 U.S. Dist. Lexis 61451 (S.D. Iowa,2009)
   United States v. Coutentos, 651 F.3d 809 (8th Cir. 2011) (Final Reply)
   United States v. Sensi, 3:08-CR-253 (D.Conn 2010) (Wife stipulates
   to invalid date)
3. United States v. Vickers, 2014 U.S. Dist Lexis 64150 (2014) (Never
   defined specific dates, and accepted §3509(a)(8) without debate.)
4: United States v. Botsvynyuk, 552 Fed. Appx. 178 (3rd Cir. 2013) (
   Extending Rico 1962 by adding baseless count)
4. Diehl v. United States of America, 19-50165, Dist 1:16-CV-1124-LY